## Shepard B. Betser v. Elizabeth Betser.

1.  WAIVER—*Of a Demurrer by Pleading.*—By pleading to the declaration a demurrer thereto is waived.

2.  ERROR—*When it Becomes Harmless.*—Where a defendant upon the trial has the benefit in evidence under the general issue of the matters contained in a special plea, the error in wrongfully sustaining a demurrer thereto, becomes harmless by subsequent proceedings in the case.

3.  INSTRUCTIONS—*Erroneous, When Not Reversible Error.*—An instruction submitting to the jury the right to determine what are the material issues in the case, is erroneous, but is not reversible error if the court can see that it did no harm.

4.  APPELLATE COURT PRACTICE—*When a Judgment Will Not be Disturbed.*—Where no prejudicial errors appear to have occurred in the admission or rejection of evidence or instructions of the court, and the evidence of the successful party, standing alone in the record, will support his verdict, an appellate tribunal will not disturb it on the ground that it is not supported by the evidence.

5.  HUSBAND AND WIFE—*Right of the Wife to Maintain an Action Against a Third Person for the Alienation of the Affections of her Husband.*—Whatever may have been the right of the wife in this regard at common law, under the legislation of this State she may maintain an action for the alienation of her husband's affections and causing a separation between them.

6.  SAME—*Agreements to Live Apart.*—A written agreement between husband and wife by which, in consideration of $3,000 in property and $100 in cash paid to her, she assumes to release her marital rights with her husband, and in which a separation and living apart are provided for, is wholly futile as a defense to an action for alienating the husband's affections, and can not affect the right of either to demand a return to cohabitation.

**Action for Alienating a Husband's Affections.**—Appeal from the Circuit Court of McLean County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

TIPTON & TIPTON, E. O'CONNELL and FIFER & BARRY, attorneys for appellant.

WELTY & STERLING and JOHN E. & MAYNE POLLOCK, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This suit is an action on the case brought by appellee against appellant to recover damages for the malicious and wrongful interference with her marital relations with her husband, William L. Betser, for alienating his affections and causing him to abandon her. A demurrer was interposed to the declaration which the court at first sustained, but after amendment it was overruled, and the defendant pleaded three pleas : first, the general issue; second, a written agreement between husband and wife, by which, in consideration of $3,000 in property and $100 in cash paid to the wife, she assumed to release her marital rights with her husband, and in which a separation and living apart was declared; and third, the pendency of a suit between appellant as plaintiff and the brother of appellee as defendant, that was to have been dismissed as part of the settlement between husband and wife and was not, to which second and third pleas the court sustained a demurrer. A trial by jury ensued, resulting in a verdict against appellant for $3,700, upon which, after overruling appellant's motion for a new trial, the court gave judgment, to reverse which this appeal was taken. To effect a reversal of the judgment appellant has assigned and urged upon our attention in his argument numerous alleged errors of the court, which may be comprehensively stated : first, the court erred in overruling demurrer to declaration, and sustaining demurrer to pleas; second, in the admission and rejection of evidence; third, misdirected and refused proper instructions to the jury; and fourth, in overruling the motion for a new trial and rendering judgment.

By pleading to the declaration the demurrer thereto was waived, which relieves us of the consideration of that assignment of error. Appellant, upon the trial, had the benefit in evidence under the general issue of the matters contained in the second plea, and hence if it was error to sustain the demurrer thereto, it became harmless by subsequent proceedings in the case, and it is obvious the third plea presented no defense whatever.

Upon examination we find no adverse prejudicial ruling of the court against appellant upon the admission or rejection of evidence. The instructions were voluminous and full. Many complaints and criticisms are made against them. It would extend this opinion to unreasonable length to take up and discuss each point separately, which we are not inclined to do. We have considered these points and upon examination we are of the opinion that the instructions, as a whole, present the law of the case as fairly as the rights of the appellant, and the issue being tried, demanded. It would be unusual if among so many instructions, appellant having offered sixty-four, the court did not make some mistakes, but we find no prejudicial error in this respect, and all that was proper in the refused, was contained in the instructions given. It is complained specially that the court submitted to the jury to determine what were the material issues in the case, and while this sort of instruction is improper and erroneous, yet it will not always reverse if the court can see it did no harm. Here the jury could not have been misled, for there was but one material issue of fact. While the evidence was conflicting upon the question whether appellant wrongfully and maliciously caused his brother, William L. Betsor, to abandon his wife, which was the issue tried by the jury, we feel compelled to accept the verdict of the jury and the approval of the trial judge, who heard and saw the witnesses, as decisive of this question. Where no prejudicial errors have occurred in the admission or rejection of evidence or instructions of the court, and the evidence of the party to whom the verdict was given, standing alone in the record, will support such verdict, and we think the evidence of the appellee does this, an appellate tribunal will not disturb the verdict on the ground it is not supported by the evidence. The decisions upon this point are so numerous and familiar as to supersede the necessity of citing them.

It is urged by counsel for appellant that a wife can not maintain an action against a third person for the alienation of the affections of her husband and the consequent loss of

his society at common law or under the statute. This court is committed to a different ruling. In Huling v. Huling, 32 Ill. App. 522, it was said : " Whatever may have been the right of the wife in this regard at common law, there is no doubt, under the legislation of this State, she may maintain the action," citing Bassett v. Bassett, 20 Ill. App. 543. We are satisfied with this declaration of the law applicable to the rights of a married woman, and believe the reasoning upon which it is based is sound and consistent with the causes that led to the adoption of the legislation in that regard.

In respect to the contention of appellant that the right of the wife to maintain an action for the alienation of her husband, and causing a separation between them, must be based upon a property right, we dissent. While some respectable authorities may be found in support of this position, in the absence of specific and binding authority in this State, and none has been cited, and we are aware of none, we are unwilling to follow or adopt them. While it is true that at common law and under our statute, marriage is regarded as a civil contract, yet we know that it is entirely *sui generis*, and is called a civil contract doubtless to distinguish it from the nature of a sacrament attributed to it by certain establishments or jurisdictions. Unlike contracts relative to property rights, for reasons of public policy, it can not be changed or dissolved by the consent of the contracting parties. It is more a relation of the parties to each other, and to the State, than it is to a contract. To assume such relation with more than one person during the same period of time is criminal. Any contract of the parties made during the existence of the marriage, intended to affect the *status personæ*, or relation of the husband and wife, sometimes called the *consortium*, aside from mere property rights, in the interest of public policy and the good morals of society, is in our opinion absolutely void, and incapable of enforcement, or of sustaining or defeating any right or cause of action whatever, whether of the person concerned or of third parties. Married parties can not do

what the law forbids to be done on their agreement, namely, so to live in separation as to cut off the unforfeited right of either to demand a return to cohabitation; hence such separations are, as to the mere question of living apart, contrary to the law and its policy, and void. Bishop on Marriage and Divorce, Vol. 1, Sec. 1268. The agreement between appellee and her husband under which they lived apart, and by which she received $3,000 in property and $100 in cash, is therefore wholly futile as a defense to the action for alienating the husband's affections and causing him to abandon the wife, for the reason that it could not affect the right of either to demand a return to cohabitation. Such contract was not and could not be a satisfaction of the right of the wife to make demand upon her husband for that which the marriage relation is primarily instituted and maintained among members of civilized society, and therefore could not be a satisfaction for her demand against appellant for a wrongful estrangement of the husband, whereby the *consortium* of the husband was lost to her. The exclusion of the greater, in which the less is contained, mathematically excludes the less. Legally speaking the marriage relation is incapable of extinguishment save by death or divorce, although it may be impaired by the wrongful alienation of one of the parties. Actions of this nature by the wife are unusual. They are generally brought by the husband for the alienation of the wife, and the husband's right to maintain such an action is unquestioned. No reason is perceived why the principles governing such actions should be different in this case. They are the same, and none other. The declaration named the husband as Louis Betzer, while the evidence showed his proper name is William L. Betser. Appellant claims this a fatal variance. The evidence shows he was also called Louis Betser. There was no variance.

Finding no reversible error in the record and proceedings of the Circuit Court, its judgment will be affirmed.